FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -3 P 1: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STELLA MANION            CIVIL ACTION

VERSUS            NO. 05-2123

JO ANN B. BARNHART            SECTION "D" (3)

### REPORT AND RECOMMENDATION

Stella Manion ("Manion") appeals a decision of the Commissioner of the Social Security Administration denying her request for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423. After the plaintiff filed her motion for summary judgment, the Commissioner filed a cross-motion to dismiss for lack of subject jurisdiction, arguing that, in the absence of timely filing, the jurisdictional requirements of 42 U.S.C. § 405(g) have not been met. For the following reasons, IT IS RECOMMENDED that the Commissioner's Motion to Dismiss be DENIED and the Plaintiff's request for attorney's fees be DENIED.

### DISCUSSION

The Commissioner seeks dismissal of this action, asserting that it was not timely filed under the controlling statute. *See* 42 U.S.C. § 405(g), (h). The Commissioner further argues that there are no circumstances that justify equitable tolling of the filing period set forth in the statute. Section 405, the provision of the Social Security Act authorizing and limiting judicial review, provides in pertinent part:

1

> (g) Judicial review
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] is a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow....
> (h) Finality of Commissioner's decision
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner *764 of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided....

42 U.S.C. § 405(g), (h) (emphasis added); *see also* 20 C.F.R. § 422.210; *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir.2000); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir.1997); *Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir.1992). Additional clarification of the language permitting the Commissioner to allow "further time" is provided in regulations promulgated pursuant to the statute. *See* 20 C.F.R. § 422.210(c); *Fletcher*, 210 F.3d at 512; *McCall v. Bowen*, 832 F.2d 862, 864 & n. 1 (5th Cir.1987). Under the regulations, the 60-day period begins when notice is received by the claimant. *See* 20 C.F.R. §§ 404.981, 422.210(c). The regulations also provide that the Secretary may extend the limitation period for a claimant who fails timely to bring suit where the claimant demonstrates "good cause." *See* 20 C.F.R. §§ 404.911, 404.982 416.1411, 416.1482, 422.210(c).

The Commissioner's motion to dismiss (which has been converted to a motion for summary judgment) is also predicated on the disputed facts that "[n]o extension of time was ever granted" and that "plaintiff's only request for an extension of time for filing suit in federal court was denied."[1]  Plaintiff filed formal opposition appending a document apparently omitted from

---

[1] *See* Commissioner's Memorandum in Support of Motion to Dismiss at p.3.

the administrative record and not addressed by the Commissioner in its motion to dismiss. The document marked "P-1" and tendered to the Court as an exhibit attached to plaintiff's opposition memorandum is correspondence from the Social Security Administration's Office of Hearing and Appeals *granting Manion's request for an extension of time* within which to file a civil action within thirty days of the date that the letter was received. The Office of Hearings and Appeals' correspondence appears to be signed by the Branch Chief, Dennis Ohlhaver; it also appears to be dated May 25, 2005 and stamped received (*via* facsimile transmission) on the same date.

The Court notes that the Appeals Council's May 3, 2005 order denying plaintiff's request for an extension of time to file civil suit was never formally vacated. This Court's review of the federal record reveals that suit was filed on June 2, 2005, which is within the time frame as extended on May 25, 2005. Based upon the extension of time granted on May 25, 2005, plaintiff's complaint appears to have been timely filed. Nevertheless, inasmuch as the May 3, 2005 order was never formally recalled or vacated, there appear to be material issues of fact in dispute.

Turning to plaintiff's argument that attorney's fees should be granted on the basis that the Commissioner's motion to dismiss was frivolous, this Court disagrees. Because there are material issues of fact in dispute, the Government's motion can hardly be characterized as frivolous. As aforestated, the administrative record filed with the Court and not questioned by plaintiff's counsel until the Government's motion was filed indicates that the motion for extension of time was denied on May 3, 2005 and not recalled, vacated or rescinded.

Plaintiff's counsel had the benefit of the administrative record when the plaintiff's motion for summary judgment was filed. Nevertheless, counsel failed to recount the procedural history

and/or make mention of the fact that a motion for extension of time to file civil suit was later granted. All of this jurisdictional squabbling could have easily been short-circuited had the plaintiff made some mention of the peculiar procedural history of this case, which was apparent only to plaintiff's counsel and *not* to the Commissioner's counsel.

On August 1, 2005, the Commissioner filed the Administrative Record in this case. The correspondence granting an after-the-fact extension of time to file civil suit was not made part of that record. Only after *seven* months elapsed, plaintiff's motion for summary judgment and the Commissioner's cross-motion to dismiss were filed on January 6, 2006 and March 1, 2006, respectively, did the plaintiff attempt to note a *"deficiency"* in the record. Notably absent from the plaintiff's motion for summary judgment and memorandum in support is any mention, whatsoever, of the peculiar procedural history of this case. Excepting *pro se* applications and this particular case, this Court has never before had the occasion to review a social security claimant's motion for summary judgment and memorandum in support (including a social security appeal previously filed by plaintiff's counsel), that is completely bereft of *any* procedural history.

Manion's case cried out for a thumbnail sketch of the procedural history so as to obviate the necessity of defending against a jurisdictional motion of this ilk, but no such procedural history was forthcoming. It is the undersigned Magistrate Judge's opinion that it was plaintiff's counsel who may have needlessly put the Commissioner *and this Court* to task by belatedly filing his request to supplement the record and failing mention any deficiency in the context of plaintiff's motion for summary judgment filed on January 6, 2006. Considering the foregoing, the ellipsis appears to be nothing less than "sharp practice" and does not warrant the imposition

of attorney's fees against the Commissioner.

For the foregoing reasons,

**IT IS RECOMMENDED** that:

(1) Commissioner's Motion to Dismiss (Doc. No. 12) be DENIED; and

(2) Plaintiff's request for attorney's fees incurred in connection with defending against the Commissioner's motion be DENIED.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b) A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of March, 2006.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE